STATE OF NEBRASKA, APPELLEE, V. JOHN R. MALEK, APPELLANT.
365 N.W.2d 475

Filed April 5, 1985.   No. 84-709.

John R. Malek, pro se.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the district court for Lancaster County denying without hearing appellant's application for post conviction relief. We reverse for a determination of whether the appellant's guilty plea was the result of certain representations made to appellant by a third party, at least with the knowledge, and possibly with the approval, of the sentencing court, and therefore involuntary.

In February 1978 the appellant, John R. Malek, while incarcerated at the Nebraska Penal and Correctional Complex, suffered a stab wound and was hospitalized at Lincoln General Hospital. During this hospitalization, the appellant escaped from custody. A few days later, the appellant surrendered himself to Lincoln police officers. Malek was subsequently charged in a two-count information with the crimes of escape, being a habitual criminal, and with the use of a firearm to commit a felony.

Appellant assigns as error the denial of his application for post conviction relief without an evidentiary hearing. Under the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979), an evidentiary hearing is required upon an appropriate motion containing a factual allegation which, if proved, constitutes a violation or infringement of a constitutional right. *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984). A plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly

and voluntarily. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

Although appellant's pro se motion may not artfully state his allegations, an examination of his motion and attached exhibits raises serious questions as to the voluntary nature of his plea.

Appellant's pro se motion contains as an exhibit the complete record of the arraignment and sentencing. The facts relating to the allegations are taken from that exhibit.

The arraignment, held August 8, 1978, was in due form. However, at the sentencing held September 14, 1978, the court, after hearing statements of appellant's attorney, made the following observation:

> THE COURT: Have — the Court recognizes in the courtroom Jim Moore, and Jim — Jim, would you come forward, sir? Let the record show that Mr. Moore has talked with the Court about this particular case, and he has — the Court has permitted him to examine the presentence report, is that right, Mr. Moore?

According to the record, Mr. Moore, a volunteer prison counselor, became involved in the appellant's case about a month and a half prior to sentencing. At the sentencing, after being called forward by the court, Mr. Moore was permitted to address the court at length, converse with the appellant, and elicit promises from the appellant that he would cooperate with authorities in controlling problems of sexual assault and drug abuse at the penitentiary. After giving the appellant an extended lecture, the following dialogue took place between Mr. Moore and the appellant:

> MR. MOORE: Now, do you promise me that totally and completely? Now, you have been on smack, you have been on heroin, right?
>
> THE DEFENDANT: Yes, sir.
>
> MR. MOORE: All right. And I want to know are you at the present time in any way addicted?
>
> THE DEFENDANT: No, sir.
>
> MR. MOORE: You are in no way addicted?
>
> THE DEFENDANT: No, sir, I'm healthy now.
>
> MR. MOORE: All right, okay. He has given me his word that he is not on drugs. I believe that totally, Your

Honor. I believe that he is not going to get on drugs again.

*Now, I am making a promise to you at this present moment. Within three years' time regardless of whether you get a habitual criminal rap or not, see, you and I are going to be in the swimming pool at the YWCA swimming side by side.* The YWCA, see. The YWCA. My wife belongs to it. I've been over there and swim every couple of weeks.

Now, I'm trying to give you hope this morning. This is the worst day of your life. That man sitting up there, he has a tremendous problem. This is a habitual criminal thing. This is a ten-to-sixty bit, see, this is the ten-to-sixty bit. This is no chief runaround, see?

(Emphasis supplied.) The court thereupon addressed the defendant as follows:

THE COURT: I can't give you much clemency. The minimum is tough. It's the law and the Court must follow the law, but Mr. Moore knows and this court knows that if you demonstrate out there the things that Mr. Moore has told you about, *there's ways in which this court and Mr. Moore and others can go to the proper authorities and you can get out of the Penal Complex. It may be under a parole or something like that for some time, but they can make exceptions and go through the proper authorities.* You're not going to make that, however, unless there's something unusual in your good behavior, and this is what Mr. Moore's talking about and he's going to be watching you and in communication with you and with others who know you.

All right. It is the sentence of this court and that the defendant be and he hereby is imprisoned and confined to the Nebraska Penal & Correctional Complex for a term of ten years. That is the minimum.

THE DEFENDANT: Yes, sir.

THE COURT: To pay the costs of this action. Said sentence shall run consecutively to the unexpired terms and the sentences which you are serving or have yet to serve. If you go the usual way and — and work with — and — get involved out there with the little games they play, it's

a long time you're going to be serving. The Court cannot go further until you have had the opportunity to do these things which you've promised; and, Mr. Moore, this court will — on — on a demonstration here through a period of time of good work of this — of John out there in the penal institution, you document that for me and I'll join hands with you about this long tenure.

(Emphasis supplied.)

We note from the briefs that appellant at the time of sentencing had yet to complete an existing sentence and to start another sentence for two prior robbery convictions in addition to the escape-habitual criminal sentence imposed by the trial court, with the earliest possible release date on the prior charges of 1985.

Appellant argues that having fulfilled his contract with Moore, which contract from the record seems to have been approved by the court, he is entitled to immediate release. This court does not have the power to commute a lawful sentence any more than did the trial court, notwithstanding Mr. Moore's assertion.

However, in view of the nature of the representations made to appellant, this court concludes appellant is entitled to an evidentiary hearing as provided in § 29-3001.

The remaining issues raised by appellant concerning ineffective assistance of counsel need not be discussed, as the same will be considered by the trial court.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.