STATE OF NEBRASKA, APPELLEE, V. ROBERT LOFQUEST, APPELLANT.

388 N.W.2d 115

Filed June 6, 1986.   No. 85-765.

Robert Lofquest, pro se.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This appeal arises from appellant's petition for postconviction relief in the district court for Dodge County.

Appellant, Robert Lofquest, was found guilty in a jury trial of first degree assault. A motion for new trial assigned as error statements made during trial by the prosecutor concerning defendant's postarrest silence. Appellant's motion for new trial was denied. An appeal from the assault conviction was filed in this court. Appellant's court-appointed counsel filed a motion to withdraw, which was denied. Counsel completed the appeal, assigning as error that the sentence imposed was excessive. This court affirmed. The trial court refused to grant a hearing on the petition for postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 1985). Appellant appears pro se.

The record of the trial discloses that on August 16, 1983, at approximately 10:30 p.m., defendant's girlfriend, Vida Nibler, requested a spare key to her apartment from the 78-year-old manager of the apartment complex. The manager initially refused Nibler's request. Defendant came to the door from an automobile a few feet away and struck the manager, Fred Peterson, in the face several times, breaking bones around the eye and causing serious injury. Defendant and Nibler then left. Defendant, initially charged with burglary and assault, was convicted of assault by a jury and sentenced to 6 to 15 years at hard labor.

The testimony of defendant, Nibler, and Peterson at trial is similar, except that defendant and Nibler claimed that only angry words were exchanged between defendant and Peterson and that defendant did not strike Peterson. All testimony places defendant at the scene as described above. Additional witnesses testified that defendant had, earlier in the evening on the night of the assault, threatened to beat up Peterson for causing defendant some trouble.

Defendant has a long, violent, criminal history. Both he and Nibler are admitted alcoholics. Defendant has been institutionalized in the Norfolk, Lincoln, and Hastings Regional Centers.

The following are assigned as error in defendant's brief:

1. The lower court erred in not finding violative of due process the prosecutor's questions at trial concerning defendant's postarrest silence.

2. The lower court erred in not finding violative of due

process the prosecutor's remarks in his closing argument concerning defendant's postarrest silence.

3. The lower court erred in finding that defendant was not subjected to an unconstitutional identification procedure at his preliminary hearing.

4. The lower court erred in finding that defendant had received effective assistance of counsel.

5. The lower court erred in failing to grant defendant an evidentiary hearing and discovery.

Over objection, the prosecutor was allowed to ask the defendant if he made a statement to a certain police officer. The prosecutor remarked, "I think it affects his credibility if he gave no statements to the officers prior to this time." The defendant testified that in his best interest he would not make a statement until he had legal counsel. In his motion to vacate or set aside the sentence, defendant alleges that he was given his *Miranda* rights on three occasions on August 17 and 18. In each instance a police officer then asked him if he wished to make a statement, and he replied that he wished to remain silent pursuant to *Miranda*.

If the defendant was advised of his rights immediately upon arrest and the prosecutor's remarks refer to his postarrest, post-*Miranda* silence, then *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976), governs, and defendant's due process rights under the 14th amendment may have been violated by the prosecutor's actions. If the defendant was not immediately advised of his *Miranda* rights upon arrest and the prosecutor's remarks refer to postarrest, pre-*Miranda* silence, then defendant's due process rights may not have been violated. *Fletcher v. Weir*, 455 U.S. 603, 102 S. Ct. 1309, 71 L. Ed. 2d 490 (1982), requires a showing of the time the *Miranda* warnings were administered, since questioning a defendant about his postarrest, pre-*Miranda* silence is not unconstitutional. Finally, if the prosecutor's comments refer to the defendant's *prearrest* silence, then *State v. Duis*, 207 Neb. 851, 301 N.W.2d 587 (1981), is applicable.

In *United States ex rel. Smith v. Franzen*, 660 F.2d 237 (7th Cir. 1981), a prosecutor was allowed to comment on the defendant's failure to come forward with his alibi at any time

prior to trial and on the defendant's silence when the police questioned him at his home before trial. Even though the record did not show when the *Miranda* warnings were administered to the defendant, the court assumed that since the prosecutor's references were to postarrest silence, they were to post-*Miranda* silence as well. As a result, the court held that under *Doyle* the prosecutor's attempt to impeach the defendant's alibi constituted a denial of due process. On appeal to the U.S. Supreme Court, the judgment was vacated and the case remanded for further consideration in light of *Fletcher v. Weir*. *Lane v. Smith*, 457 U.S. 1102, 102 S. Ct. 2898, 73 L. Ed. 2d 1310 (1982).

Since it is not possible to determine the sequence of events in the absence of a record in this case, the requested hearing was necessary to establish facts upon which the court could determine if the defendant's due process rights under the 14th amendment were violated. An evidentiary hearing must be granted on a petition for postconviction relief when the facts alleged would justify relief, if true, or when a factual dispute arises as to whether a constitutional right is being denied. *State v. Waterman*, 215 Neb. 768, 340 N.W.2d 438 (1983).

With respect to the prosecution's closing remarks, they were not made part of the record, so we are unable to determine whether they referred to prearrest, postarrest, and pre-*Miranda*, or postarrest and post-*Miranda* silence. A hearing would have enabled the lower court to evaluate the prejudicial effects, if any, of the remarks.

Defendant objects to the incourt identification proceeding, alleging that it was unduly suggestive because there was no lineup prior to the hearing. The testimony at trial, however, establishes that Peterson, the victim, identified his assailant as "Vida's boyfriend Bob" to police officers. Peterson testified that he knew the defendant by sight from previous contacts. Defendant bases his argument on the fact that the police officer who made the report after the assault, since he was not supplied with defendant's last name, wrote down assailant "unknown." The police officer's testimony at trial supports Peterson's testimony. The facts adduced at trial do not give rise to any issue regarding an improper or suggestive identification procedure.

This assignment of error is without merit.

There is not enough information in the record to determine whether defendant received effective assistance of counsel. The record shows that the defense counsel asked intelligent questions, objected at appropriate times, and generally conducted himself as would any lawyer with like training and experience. Defendant alleges that Nibler should not have been called as a defense witness. First, that is within the counsel's judgment as trial strategy, *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978), and, second, her testimony corroborated that of the defendant. Defendant objects that his counsel did not raise certain arguments on appeal (the same errors defendant assigns here).

Finally, defendant states that the lower court erred in not granting him discovery and an evidentiary hearing in his petition for postconviction relief. There is nothing in the record to show the reason for denial. As discussed above, a hearing would have allowed evidence to be presented concerning the items that are not part of the record—when the *Miranda* warnings were given and the nature of the prosecutor's closing remarks. A hearing is essential to a determination of the issues in this case, and we remand for that purpose.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

KRIVOSHA, C.J., concurs in the result.