STATE OF NEBRASKA, APPELLEE, V. JOEL R. EVANS, APPELLANT.
395 N.W.2d 563

Filed October 31, 1986.    No. 86-413.

Joel R. Evans, pro se.

Robert M. Spire, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Joel R. Evans, has appealed from the order of the district court denying him postconviction relief and an evidentiary hearing on his second motion for postconviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985).

The facts surrounding the four cases in which the appellant was convicted and sentenced to imprisonment for 45 to 80 years are detailed in *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984), where the judgment denying defendant's first motion for postconviction relief was affirmed.

On direct appeal the records in all four cases were examined by this court and found to be free from prejudicial error. Motions to withdraw filed by the defendant's counsel were sustained and the judgments affirmed on July 8, 1981.

On this appeal the defendant has assigned three general categories of error, that is, the district court erred (1) in failing to grant an evidentiary hearing, (2) in failing to appoint counsel, and (3) in failing to grant postconviction relief. The defendant claims 28 separate errors in support of his third general assignment of error.

We do not consider the defendant's second assignment of error, as that issue was not discussed in his brief. Neb. Ct. R. of Prac. 9D(1)d (rev. 1986).

Consideration of the two remaining general assignments of error is necessarily combined, as an evidentiary hearing on a motion for postconviction relief is not required if the motion, files, and records of the case show the defendant is not entitled to relief. *State v. Apodaca*, 223 Neb. 258, 388 N.W.2d 837 (1986).

Postconviction motions cannot be used to obtain a further review of issues already litigated, nor shall a defendant be permitted to rephrase issues already presented to achieve that end. *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986). It is also true that, generally, a motion for postconviction relief may not be used to secure review of an issue which could have been raised on direct appeal. *State v. Peery, supra.* Further,

> once a motion for postconviction relief has been judicially determined, any subsequent motions for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion.

*State v. Rust*, 223 Neb. 150, 155, 388 N.W.2d 483, 489 (1986).

On appeal from denial of the defendant's first motion for

postconviction relief, this court rejected claims of trial and appellate counsel's alleged ineffectiveness. Those claims were based on counsel's alleged failure to challenge tainted identifications; to obtain psychiatric examinations to determine the defendant's competence at the time of the offenses and to stand trial; to properly brief the issue of the prosecutor's alleged comment on the defendant's right to remain silent; and to appeal the sentence imposed as so excessive as to constitute cruel and unusual punishment. *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984). The defendant's assignments of error 3b, 3c, 3e, 3h, 3i, 3j, 3k, 3*l*, 3m, 3o, 3p, 3s, 3w, 3x, 3y, 3AA, and 3bb all generally relate to one of the issues determined in *State v. Evans, supra,* and were properly rejected for relitigation by the district court.

All but one of the remaining claims could have been raised on direct appeal, where this court found the trial records to be free of prejudicial error. See *State v. Evans, supra.* The one claim previously unavailable is the defendant's assertion that counsel on his first postconviction motion provided ineffective assistance "in failing to properly preserve, present, and argue the substantive constitutional issues." Consequently, we consider the issues not previously raised only as they relate to the alleged ineffectiveness of counsel on the defendant's first motion for postconviction relief. See *State v. Rust, supra.*

The test of effective assistance of counsel involves a two-part determination: first, counsel "must perform at least as well as an attorney in that area with ordinary skill in criminal law, and second, the attorney must conscientiously protect the client's interests." *State v. Birge,* 223 Neb. 761, 763, 393 N.W.2d 713, 715 (1986). The defendant must also demonstrate how the absence of counsel's error would have changed the result in the case. *State v. Birge, supra.*

Initially, the defendant maintains he was illegally arrested on April 27, 1980, without a warrant and without probable cause. The test of probable cause for a warrantless arrest is whether, at the time of the arrest, the officer had knowledge of facts and circumstances based on reasonably trustworthy information which was sufficient to warrant a prudent man in believing the defendant had committed or was committing an offense. *State*

*v. Ware*, 219 Neb. 594, 365 N.W.2d 418 (1985); *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980). Testimony by the arresting officer in this case shows the defendant's claim to be without merit.

The deputy sheriff testified that he originally stopped the defendant after the defendant was observed walking in a field near the Papio Creek, which was being watched by authorities for the suspect in a recent armed robbery of a nearby restaurant. The defendant met the description of the robbery suspect aired in the police broadcast. A pat-down search revealed the defendant was carrying a handgun, several $1 and $5 bills, and a large amount of change. The defendant's pants were muddy on an otherwise dry evening. The defendant was returned to the robbery scene and separately identified as the robber by two eyewitnesses approximately 45 minutes after the crime. Clearly, there was probable cause to arrest the defendant at that time. Counsel on the defendant's first postconviction motion cannot be said to have acted ineffectively by failing to raise a meritless issue.

The defendant next contends that his rights were violated by placing him in lineups following his arrest without the opportunity to contact counsel, without being advised of the charges against him, and without being advised of the *Miranda* warnings.

The lineups in question occurred before any of the informations had been filed against the defendant. The right to counsel at a police lineup attaches only at or after the time when adversary judicial proceedings have been initiated against the defendant by way of complaint, indictment, or information. *State v. Ellis*, 219 Neb. 408, 363 N.W.2d 389 (1985). See, also, *State v. Saylor*, 223 Neb. 694, 392 N.W.2d 789 (1986).

The defendant does not explain how the alleged failure of the police to advise him of the charges against him denied him of any rights.

Further, there is no evidence that any statements made by the defendant while being subjected to custodial interrogation were introduced into evidence in any of his trials. The *Miranda* warnings are procedural safeguards intended to secure the privilege against compelled self-incrimination. *State v. Saylor,*

*supra.* Since no statements by the defendant were introduced against him in the present cases, the alleged failure to advise him of his *Miranda* rights is without significance. As there is no merit to these arguments, counsel cannot be said to have acted ineffectively in failing to raise them.

Similarly, the defendant contends he was improperly questioned by law enforcement authorities while in custody and after requesting an attorney. He also asserts that the police officers attempted to compel him to provide a handwriting exemplar without the assistance of counsel. Again, there is an absence of evidence demonstrating that these alleged police tactics resulted in statements or handwriting exemplars which might have been suppressible. As such, there is no merit to these arguments, and counsel cannot be faulted for failing to raise a frivolous issue.

Next, the defendant argues that trial counsel was ineffective in refusing to call his brother-in-law as an alibi witness in the trial for the April 27, 1980, robbery. It is urged that this testimony would have shown that a short time prior to the crime the defendant was playing pool at a bar some distance from the robbery. The defendant maintains that this testimony would have proved that it was difficult, if not impossible, for him to have committed the robbery, given the distances involved.

The decision as to whether to call a witness is a matter of trial strategy within counsel's judgment. *State v. Lofquest*, 223 Neb. 87, 388 N.W.2d 115 (1986). The effect of the brother-in-law's testimony would have been to corroborate the defendant's own testimony regarding his whereabouts and possessions just prior to the April 27 robbery. In a signed statement attached to the defendant's present motion for postconviction relief, the brother-in-law states that he was waiting outside the courtroom to be called as a witness for the trial on the April 27 robbery. He states further that the defendant's trial attorney became upset with him (the brother-in-law) when counsel witnessed him speaking with an old friend who was a juror in a different case. Because the witness was conversing with the juror, counsel refused to call him to testify.

Given the several eyewitness identifications of the defendant, and his possession, upon capture, of a large sum of

money and of a gun similar to that used in the robbery, it is difficult to see how the brother-in-law's cumulative testimony would, with a reasonable probability, have changed the result in this case. See *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986). Thus, the defendant has not met his burden to show that postconviction counsel acted ineffectively in failing to raise this issue.

Next, the defendant contends there was prosecutorial misconduct in his September 8-9, 1980, trial. He alleges that the prosecutor had contact with the jury, in the jury room, outside the presence of the judge, defendant's counsel, and the defendant. The defendant makes no allegation as to the nature of the alleged contact. He does assert that the jury returned its guilty verdicts shortly after the encounter. There is no allegation, however, showing how or even if the defendant was prejudiced by this alleged contact. Generally, for prosecutorial misconduct to warrant vacation of a conviction, there must be evidence of prejudice to the defendant's right to a fair and impartial trial. See, *State v. Costello*, 199 Neb. 43, 256 N.W.2d 97 (1977); *Lindsay v. State*, 46 Neb. 177, 64 N.W. 716 (1895). Absent any allegation of prejudice beyond the defendant's mere conclusory statements, postconviction counsel cannot be said to have acted ineffectively nor to have prejudiced the defendant's case by failing to raise this issue.

The defendant argues that he was denied a fair sentencing hearing because the presentence report contained false, inaccurate, and misleading information. The information objected to includes statements indicating that he was arrested for crimes in which there was no prosecution, the charges were dropped, or the defendant was not represented by counsel. A review of the sentencing hearing shows that the court was well aware that some of the charges were either dismissed or not prosecuted. The defendant does not explain how the alleged absence of legal representation in any of those cases resulted in false, misleading, or inaccurate information in the report.

He also complains that the report reflects a lack of an employment history, when he had in fact worked construction and other jobs. A review of the August 1980 report indicates the defendant was employed by his father from 1973 to 1979 and

had worked at numerous jobs since his divorce in 1979. It is difficult to see how the defendant could have been prejudiced by the failure to mention his construction work. In fact, at his trial for the April 27, 1980, robbery, the defendant admitted he was not working regular jobs and was unemployed on the date of the robbery.

The defendant contends the report also falsely stated that he had not paid child support, when in fact his wages had been garnisheed to satisfy that obligation. Our review shows that the garnishment of wages is reflected in the report.

Finally, the defendant argues he did not admit commission of the robberies to the probation officer, as reflected in the report. The report indicates the defendant admitted to all but one of the robberies that went to trial. Given the fact that the defendant was found guilty by unanimous jury verdicts, it is again difficult to perceive how the defendant was prejudiced by the allegedly false admissions. As such, postconviction counsel cannot be said to have acted ineffectively nor to have prejudiced the defendant's case by failing to raise the presentence report issues.

Because the motions, files, and records show no entitlement to postconviction relief, the district court was not clearly wrong in denying the defendant's request for an evidentiary hearing. The judgment is, therefore, affirmed.

AFFIRMED.