STATE OF NEBRASKA, APPELLEE, V. GARY LEE JACKSON,
APPELLANT.
415 N.W.2d 465

Filed November 20, 1987.   No. 86-978.

Peter K. Blakeslee, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant appeals from the denial of his petition for postconviction relief in the district court for Lancaster County. On April 17, 1985, after defendant was found guilty in a jury trial of three counts of burglary, of three different Lincoln public schools, he was sentenced to an indeterminate term of 2- to 4-years' imprisonment on each of the three counts. The sentences were to be served consecutively.

In that case defendant appealed to this court. Defendant's counsel filed a motion to withdraw as counsel pursuant to Neb. Ct. R. of Prac. 3B (rev. 1986). Defendant then filed a pro se motion opposing withdrawal. Defendant's motion in opposition consisted of complaints about defense counsel's failure to call other witnesses or to investigate facts which these witnesses would purportedly testify to, thereby denying defendant effective assistance of counsel. This court granted counsel's motion to withdraw, and defendant's convictions and sentences were affirmed in *State v. Jackson*, 221 Neb. xx (case No. 85-445, Jan. 14, 1985).

On August 7, 1986, defendant filed a pro se "Motion to Vacate and Set Aside Judgement and Sentence," pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 1985). The motion was in 14 numbered paragraphs, alleging generally the ineffective assistance of trial counsel and setting out specifically allegations of such ineffective assistance. On September 22, 1986, defendant filed an amended motion to vacate, with the same general allegations of ineffective counsel, but setting out specific allegations of such ineffective assistance in 50 paragraphs. Defendant prayed for a hearing on his motion and for an order requiring the State to show cause why his conviction should not be set aside. The State opposed defendant's motion. After a hearing at which defendant was present and requested counsel, defendant's motion was denied by the trial court's order that the "files and records and exhibits received show that defendant is entitled to no relief and an evidentiary hearing is not required. Motions of defendant for vacation of sentence are overruled. Motion of defendant for appointment of counsel is overruled."

On November 14, 1986, the defendant timely appealed. On November 17, upon the district court's own motion, an attorney was appointed to represent defendant on appeal to this court.

Defendant's four assignments of error may be consolidated into two: (1) The trial court erred in not determining that defendant had been denied the effective assistance of counsel at his trial; and (2) the court erred in not granting an evidentiary hearing on defendant's motion for postconviction relief.

With regard to the alleged error in not granting a hearing on defendant's postconviction motion, we are governed by our general rule that an evidentiary hearing is not required if the motion and the files and records of the case show that the defendant is not entitled to relief. § 29-3001; *State v. Rivers, ante* p. 353, 411 N.W.2d 350 (1987). On the other hand, the statute requires a "prompt hearing" on an appropriate motion containing factual allegations which, if proved, constitute an infringement of a constitutional right. *State v. Malek*, 219 Neb. 680, 365 N.W.2d 475 (1985). It is obvious that defendant has a constitutional right to effective counsel. As will be shown below, the trial court erred in denying an evidentiary hearing on defendant's motion, because the record does not show that defendant was not entitled to a hearing.

Defendant's issues which he contends support his claim of ineffective counsel are grouped into five in his brief: (1) that his trial counsel failed to challenge, on fourth amendment grounds, the seizure of certain evidence from defendant's vehicle; (2) that his trial counsel failed to challenge, on fifth amendment grounds, statements obtained from defendant by police officers; (3) that trial counsel failed to adequately prepare for trial in that he took.no depositions of any witnesses, failed to discuss trial strategy with the defendant, and failed to contact and call to testify witnesses provided to defense counsel by defendant; (4) that trial counsel "failed to object to testimony of defendant's witness Randy Sabin when said witness revealed that the prosecutor had phoned Sabin and questioned him on the pretense that the prosecutor was defendant's attorney"; and (5) that trial counsel failed to object to the prosecutor's questions of defendant relating to his prior criminal record.

The general rules in considering appeals from the denial of postconviction relief are that a motion for postconviction relief may not be used to obtain review of issues which could have been raised on direct appeal, that a defendant seeking postconviction relief has the burden of establishing a basis for such relief, and that the findings of the district court in denying such relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Rivers, supra; State v. Evans*, 224 Neb. 64,

395 N.W.2d 563 (1986); *State v. Moore*, 217 Neb. 609, 350 N.W.2d 14 (1984).

With specific regard to the issue of relief sought on the basis of ineffective counsel, this court has adopted a two-part test: first, the attorney must perform at least as well as an attorney in the area with ordinary skill in criminal law; and, second, the attorney must conscientiously protect the defendant's interests. In addition, the defendant must show that in the absence of the attorney's error, there is a reasonable probability that the result would have been different. *State v. Rivers, supra; Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We reserve consideration of defendant's first claim. With regard to defendant's second claim concerning defendant's statement, the record shows that at the time of the police interview with defendant, he was not under arrest nor in custody; and the record also shows that the statement was not used in the prosecution's case in chief, but only in remote impeachment as to whether defendant had said he had "nothing against them [the schools]." Defendant's objection in this contention is without any merit.

With regard to defendant's third contention, that his counsel failed to properly investigate and adequately prepare for trial, the record shows that counsel ably represented defendant in a lengthy preliminary hearing, in which six prosecution witnesses testified and were thoroughly cross-examined. Before trial, defendant's counsel presented two motions in limine, which were both granted by the trial court. The police reports were examined by counsel and by defendant. During the trial, defendant's counsel vigorously cross-examined all the prosecution witnesses and presented four witnesses and the defendant as witnesses for the defense. With regard to the alleged failure to call other witnesses, examination of the record shows that the witnesses whom defendant has now identified as those who should have been called would probably not have been helpful to defendant and, in some cases, might well have further damaged his cause. Further, the decision to call, or not call, witnesses is a matter of trial strategy and within counsel's judgment. *State v. Evans, supra; State v. Lofquest*, 223 Neb.

87, 388 N.W.2d 115 (1986). Defendant's contention in this regard is without merit.

Defendant's fourth contention is that counsel did not object to the form of questions directed by the prosecutor to Randy Sabin, a witness called by defendant. On impeachment cross-examination this witness displayed confusion as to who had called him on the telephone before the trial. No prejudice could be deduced from this witness' confusion.

Defendant's fifth contention as to the ineffectiveness of his trial counsel raises the question of trial counsel's failure to object to the prosecutor's questions to defendant concerning defendant's past criminal record. The contention is without merit. The prosecutor merely established in five questions that defendant admitted he had been convicted of two felonies in the 10 years preceding the trial. Such questions were perfectly proper.

Defendant's first claim presents a different situation. It is settled law that, on postconviction appeals, this court generally does not consider issues that could have been raised on a direct appeal and that the burden is on a defendant seeking postconviction relief to allege facts which show he is entitled to such relief. In this case we are asked to consider the issue that defendant's counsel was ineffective in that he did not file a motion to suppress evidence vital to the State's case against defendant and did not object to the receipt of that evidence at trial on the basis it had been unconstitutionally seized from defendant. The resolution of that issue cannot be made until the facts of defendant's arrest, and subsequent search of his car, are known to this court. Review of a criminal case under our rule 3B does not determine such facts. For that question to be submitted to this court in a proceeding under rule 3B, defendant's counsel would have to attack his own performance and to allege and show that he had been ineffective.

If the allegations in a postconviction motion as to ineffective counsel can be disposed of by a consideration of the record—as is the case in the other four contentions in defendant's postconviction motion and brief in this case—there is no need for an evidentiary hearing. Consideration of the record before us does not give us an answer to defendant's first contention.

. The facts concerning the defendant's arrest, as shown by the files and records, are almost completely unknown to this court. Defendant's amended postconviction petition, while not as artful as it might be, is sufficient to raise the issue of the lawfulness of his arrest. Defendant alleges an illegal search. The files and records of the case do not show that "defendant is entitled to no relief." If defendant can establish his allegations, he might be entitled to relief.

There may well be an explanation of the arrest in the files or records of the trial court which shows clearly that the arrest was proper and that counsel did not challenge the receipt of the seized items as a matter of strategy. The record before us, however, shows only that defendant was arrested at 40th and Van Dorn Streets in Lincoln, Nebraska. No arrest warrant or search warrant is mentioned. The State, in its brief at 4, states: "No pretrial motion was made to suppress this evidence [the items seized from defendant's car which were later identified as the same items taken from the schools]." No objection was made at the trial as to the receipt of those items, except on the basis of identification.

Defendant should be afforded an evidentiary hearing on the sole issue of the seizure of the knife and handcuffs from defendant's automobile at the time of his arrest. The cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., dissenting.

It is fundamental that an application for postconviction relief must allege facts which, if true, would entitle the prisoner to relief.

> In a proceeding under the Post Conviction Act, the appellant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights, and alleging mere conclusions of fact or of law are [sic] not sufficient to require the court to grant an evidentiary hearing.

(Syllabus of the court.) *State v. Russ*, 193 Neb. 308, 226 N.W.2d 775 (1975).

The amended motion to vacate and set aside judgment and

sentence filed by the defendant is a 10-page "shotgun" type pleading. Paragraph 4 alleges that exhibits Nos. 22 (pocketknife) and 24 (handcuffs) were obtained "by way of an illegal search" by arresting officers. No fact is alleged which would explain why the defendant contends the search was illegal. More importantly, no fact is alleged which might be the basis for a contention that the arrest was illegal.

If a hearing is to be granted upon the basis of a pleading such as that filed in this case, then there is no longer a requirement that an application for postconviction relief plead *facts* as distinguished from conclusions.

CAPORALE, J., joins in this dissent.