STATE OF NEBRASKA, APPELLEE, V. JAMES L. SOWELL, APPELLANT.
420 N.W.2d 704

Filed March 18, 1988.    No. 87-523.

James L. Sowell, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Defendant James L. Sowell's motion for postconviction relief was denied without an evidentiary hearing by the Douglas County District Court. Sowell appeals. We affirm.

In his postconviction relief motion, Sowell claimed that his counsel in the district court was ineffective. It appears the defendant claimed that his counsel failed to prove that Sowell, due to prior substance abuse, was incapable of forming the necessary intent to commit the crime of robbery. The record reflects that although the defendant discussed that defense with his lawyer and he was again made aware of it by the judge, Sowell freely, voluntarily, knowingly, and intelligently gave up that defense before his plea of guilty was accepted by the district court. In his assignments of error, Sowell claims the trial court erred in not granting him an evidentiary hearing on the postconviction relief motion.

Postconviction proceedings are provided for in Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). Those statutes do not require an evidentiary hearing before the district court disposes of a postconviction relief motion. We have held that if " 'the

files and records show that a defendant is not entitled to relief, no evidentiary hearing is required.' " *State v. Rivers*, 226 Neb. 353, 354, 411 N.W.2d 350, 352 (1987); *State v. Jackson*, 226 Neb. 857, 415 N.W.2d 465 (1987); *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984). We have also held that the findings of the district court in denying postconviction relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Rivers, supra; State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986); *State v. Moore*, 217 Neb. 609, 350 N.W.2d 14 (1984).

Originally, after a plea of guilty to a felony robbery charge, Sowell was sentenced to an indeterminate term of not less than 7 nor more than 12 years to the state Department of Correctional Services. Sowell's direct appeal to this court on excessive sentence was dismissed as being wholly frivolous, he previously having been convicted of four felonies. Sowell then filed a postconviction relief motion.

Before denying Sowell's postconviction relief motion, the district judge painstakingly examined not only the motion, but also the files and bill of exceptions which contained the defendant's plea and sentence. The district judge then entered a comprehensive order, ruling on each contention contained in the eight numbered paragraphs of defendant's motion. We too have examined defendant's motion, the files, and the bill of exceptions. The bill of exceptions reflects that the defendant freely, voluntarily, knowingly, and intelligently entered a plea of guilty to the robbery charge.

The record refutes any suggestion that Sowell was suffering from a diminished mental capacity at the time he entered his guilty plea. When questioned by the court at the time of his guilty plea, the defendant admitted unequivocally that he committed each and every element of the crime charged. In his own words, Sowell confessed in open court how by force and violence on October 19, 1985, he stole a car located at a gas station at 80th and Dodge Streets in Omaha, Douglas County, Nebraska. While Sowell's motive for stealing the car was not legally justified, it had rationality and was purposeful. Sowell said that while taking the car, he slapped a lady in the face and "probably" placed her in fear. The prosecution stated he hit the lady more than once. Defendant's plea of guilty was made

pursuant to a plea bargain whereby Sowell avoided having the State pursue a habitual criminal charge against him.

At the time of his plea, the defendant stated that he was not under the influence of any alcohol, drugs, narcotics, or other pills and that he had not taken any of those items during the previous 24 hours. The district judge advised Sowell that excessive intoxication at the time of the crime could obviate the element of intent required for conviction in a robbery case. The defendant stated that he discussed that defense with his counsel. Sowell never asked to withdraw his guilty plea, although he was given the opportunity to do so.

In his motion for postconviction relief, the defendant now claims that his counsel was ineffective. Before accepting Sowell's plea, the trial judge explained the defendant's rights to him in detail. Sowell at that time acknowledged he fully understood his rights and had discussed them with his lawyer. Sowell further told the court that he had also discussed with his lawyer how he could "beat the charge." There were no defenses he thought he had that were not talked over with his lawyer. Sowell stated that he was satisfied with the job his lawyer had done for him and that the lawyer was competent and knew what he was doing. The defendant further said that he had had enough time to discuss his case with his lawyer.

To assert a successful claim of ineffective assistance of counsel, a defendant must prove (1) that his attorney failed to perform as well as an attorney with ordinary training and skill in the criminal law in the area; (2) that his interests were not conscientiously protected; and (3) that if his attorney had been effective, there is a reasonable probability that the results would have been different. *State v. Costanzo, ante* p. 616, 419 N.W.2d 156 (1988); *State v. Jackson*, 226 Neb. 857, 415 N.W.2d 465 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

When arrested, the defendant gave the police a detailed statement of his involvement in the crime charged. There was a *Miranda* hearing in which the court ruled that certain parts of statements made by the defendant were not admissible and could not be used against him at trial. Admittedly, Sowell's counsel discussed every aspect of the case with the defendant.

The record reflects that his counsel conscientiously protected Sowell's interests. The record further reflects that Sowell's counsel performed as well as an attorney with ordinary training and skill in the criminal law in the area. Because of the overwhelming evidence against him, and because of his prior criminal record, regardless of what lawyer represented Sowell, the results of this case would have been the same. Sowell's counsel was effective. Had it not been for his counsel's efforts, Sowell would have also been convicted of being a habitual criminal, which would have resulted in a more lengthy sentence. There is no substance to Sowell's assignments of error or to his motion for postconviction relief.

The findings and order of the district court are affirmed.

AFFIRMED.