Joel R. EVANS, Appellee,

v.

Harold W. CLARKE, Warden of the Nebraska Penal and Correctional Complex, Appellant.

No. 88–1351.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1988.

Decided Feb. 14, 1989.

L. Jay Bartel, Lincoln, Neb., for appellant.

Jerry L. Soucie, Lincoln, Neb., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and ROSS, Senior Circuit Judge.

ARNOLD, Circuit Judge.

In this case we again revisit *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which lays down the duties of an appointed counsel and an appellate court when counsel concludes that a direct criminal appeal is frivolous and moves for leave to withdraw. We do so with fresh guidance from the Supreme Court in the form of *Penson v. Ohio*, —— U.S. ——, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), which proves the Court's continued dedication to the vigorous enforcement of *Anders*. The case before us illustrates how quickly the law can change, at least as it appears from our vantage point.

I.

Joel Evans, a prisoner in state custody, brings this petition for habeas corpus under 28 U.S.C. § 2254. He is serving a term of 45 to 80 years on charges arising out of four separate robberies. His convictions were affirmed by the Supreme Court of Nebraska in an unpublished order after court-appointed counsel moved for leave to withdraw, asserting that he had reviewed the record and concluded that the appeal was frivolous. Later, two petitions for post-conviction relief were denied by the Supreme Court of Nebraska. *State v. Evans*, 224 Neb. 64, 395 N.W.2d 563 (1986) (per curiam); *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984). (The particulars of these petitions will be set out later, for reasons that will become apparent.)

Evans then brought this petition for habeas corpus. It was referred to a magis-

trate,[1] who recommended that the writ be provisionally granted. In the magistrate's view, the brief filed by court-appointed counsel on Evans's direct appeal did not comply with the mandate of *Anders,* which requires that such briefs "refer[ ] to anything in the record that might arguably support the appeal." *Anders v. California, supra,* 386 U.S. at 744, 87 S.Ct. at 1400. The magistrate then considered what degree of prejudice a petitioner who has established an *Anders* violation must show. Must he establish a reasonable probability that he would have succeeded on direct appeal if counsel's brief had complied with *Anders?* (This, of course, is the standard that must be met under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to succeed on a claim of ineffective assistance of counsel.) Or is it sufficient if petitioner can show claims of at least arguable merit? The magistrate thought the latter standard should be used, and that Evans had met it. He therefore recommended that Evans be released from custody, unless within a reasonable time the Nebraska Supreme Court should reinstate his direct appeal and appoint counsel to brief all issues for him.

After considering the State's objections to this recommended course of action, the District Court[2] adopted it. 680 F.Supp. 1351. Judgment was entered accordingly, and the State filed this appeal.

## II.

■ The case naturally falls into two parts: Was *Anders* violated? If so, what else does petitioner have to show to get relief? We address each question in turn.

## A.

The brief filed by appointed counsel on direct appeal clearly fell short of *Anders* as this Court has understood and applied it. The brief referred to a number of potential issues, but in each case it gave, instead of any possible arguments for reversal, only arguments in favor of affirming the convictions. This is exactly the kind of briefing that we disapproved in *Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 541, 102 L.Ed.2d 571 (1988). As we said there, *Anders* "briefing must be done as an *advocate,*" 812 F.2d at 1086 (emphasis in original), and "[c]ounsel did not act as an advocate for [appellant] when he briefed all issues in favor of the government and concluded [appellant's] claims were meritless." *Ibid.* (footnote omitted). We reached the same result in *Sanders v. Clarke,* 856 F.2d 1134, 1136–37 (8th Cir.1988), *vacated and remanded,* —— U.S. ——, 109 S.Ct. 831, 102 L.Ed.2d 964 (1989) (in light of *Penson v. Ohio* ). The District Court correctly found a violation of *Anders* in this case.

## B.

■ So what? Does it matter if *Anders* was violated, if we can look at the record now and determine that there is no reasonable probability that Evans would have won his appeal even if his lawyer had complied with *Anders?* In *Sanders v. Clarke, supra,* handed down several months after the District Court's decision in this case, we squarely faced and answered that question. We held that the *Strickland* standard of prejudice had to be met. 856 F.2d at 1137–39. And, at the time of the oral argument in the present appeal, we were inclined to remand this case to the District Court for further consideration in light of *Sanders.* We made that suggestion from the bench, and counsel did not seem to resist it too strongly.

In the meantime, however, and after the oral argument in this case, the Supreme Court decided *Penson v. Ohio,* —— U.S. ——, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). *Penson* is a decisive pronouncement, and we conclude that in its wake the portion of our *Sanders* opinion dealing with the required showing of prejudice is no longer

---

**1.** The Hon. David L. Piester, United States Magistrate for the District of Nebraska.

**2.** The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

good law.[3] (Our accepted rule is that one panel opinion binds all later panels, as a matter of *stare decisis,* and ordinarily, therefore, we would be bound by *Sanders,* but obviously that practice must yield in the face of a later, inconsistent Supreme Court opinion.) *Penson* rejects the *Strickland* standard in cases of *Anders* violations. The situation is more serious, the Court explains, than one of ineffective assistance of counsel in the usual sense. The whole point of *Anders* is that cases involving any claim of arguable merit cannot be decided without the full benefit of an adversarial presentation.

The Supreme Court's opinion in *Penson* lays down the following standard:

> [O]nce a court determines that the trial record supports arguable claims, ... the criminal appellant is entitled to representation. The [state court's] determination that arguable issues were presented by the record, therefore, created a constitutional imperative that counsel be appointed.

109 S.Ct. at 351. Nor does harmless-error analysis apply.

> [I]t is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different from a case in which it is claimed that counsel's performance was ineffective.... It is therefore inappropriate to apply either the prejudice requirement of *Strickland* or ... harmless-error analysis....

109 S.Ct. at 353–54 (footnote omitted).

In *Penson* counsel's motion to withdraw was a bare-bones certification that, in counsel's view, no error appeared in the record, and an appeal would be without merit. The motion did not (as the brief filed here did) refer to any issues, cite any cases, or point to any parts of the record. We have considered whether this circumstance distinguishes our case from *Penson,* and we conclude that it does not.[4] The brief filed here was, if anything, less helpful to the appellant than the simple motion filed in *Penson.* It reads almost like a brief for the State. It is also true that in *Penson,* which came before the Supreme Court on direct review of the state courts, the state appellate court itself had remarked that the record contained arguable issues. The Supreme Court of Nebraska did not do that here. But the habeas court, the District Court below, did do it, and we agree with its decision. Where issues of arguable merit are present, as they are here, *Penson* holds that appellate review cannot take place without a fully adversarial briefing by counsel.

In *Sanders* we thought it important that the habeas court, before which petitioner was represented by counsel, could look at the record for itself and determine that petitioner could not prevail, thus eliminating the need for reinstatement of the direct appeal in the state-court system. That position is no longer tenable after *Penson.* The Supreme Court said:

> Although petitioner has been represented by counsel in this Court, we decline to sit in place of the [state appellate court] in the first instance to determine whether petitioner was prejudiced as to any appellate issue by reason of either counsel's failure to file an *Anders* brief or the court's failure to appoint new counsel.

109 S.Ct. at 345 n. 9. No more can we now try to decide whether Evans could have won his appeal. He is entitled to a valid determination by the state appellate court, and here, because of the *Anders* violation, he did not get it on his direct appeal. Under *Penson,* therefore, since arguable is-

---

3. Thus, the position of Judge McMillian, who dissented in *Sanders,* has been vindicated.

4. Some additional support for this conclusion can be found in the fact that the *Penson* Court cites our *Sanders* opinion with apparent disapproval, and seems to approve of *Freels v. Hills,* 843 F.2d 958 (6th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 567, 102 L.Ed.2d 591 (1988), which we rejected in *Sanders,* 856 F.2d at 1138. See 109 S.Ct. at 354 n. 10. In addition, the Court has now granted certiorari in *Sanders,* vacated our judgment, and remanded the case to us for further consideration in light of *Penson.* —— U.S. ——, 109 S.Ct. 831, 102 L.Ed.2d 964 (1989).

sues are present in the record, petitioner would ordinarily be entitled to release, unless the state court reinstates his appeal and appoints counsel to brief all points of arguable merit.

### C.

■ This case contains a special wrinkle, however, that requires some further discussion. Evans did not get adversarial briefing by counsel before the decision of the Nebraska Supreme Court on his direct appeal. But that court has since filed two published opinions rejecting some of Evans's contentions. Does this matter? Does it make sense, in view of these opinions, to require the state courts to resurrect and then re-decide the direct appeal? Why wouldn't this be a futile exercise, with an unfavorable result preordained?

It becomes important at this point to refer more fully to Evans's post-conviction proceedings in the state courts. We can quickly hold that the second such case, decided by the Supreme Court of Nebraska in 1986, is not relevant for purposes of our *Anders–Penson* analysis in this appeal. In that case, *State v. Evans,* 224 Neb. 64, 395 N.W.2d 563 (1986) (per curiam), the Supreme Court did decide some of the claims Evans now asserts as having had arguable merit at the time of his direct appeal. But Evans did not have counsel in that second post-conviction proceeding in the state courts. He litigated it pro se. See 224 Neb. at 65, 395 N.W.2d at 565. Accordingly, the court's consideration of his claims in that case cannot be an adequate substitute or proxy for what *Anders* and *Penson* guarantee—decision on appeal of all arguable issues only after fully adversarial briefing.

In his first post-conviction proceeding in the state courts, however, Evans did have counsel.[5] And in that case the Supreme Court of Nebraska, presumably after a fully adversarial presentation of both sides, decided against Evans the following claims, among others: that Evans's trial lawyer had been ineffective in failing to move to

suppress both out-of-court and in-court eyewitness identifications, and that the prosecutor had, in one of the trials, commented on the defendant's failure to testify. 218 Neb. at 852–54, 359 N.W.2d at 793–94. We think Evans has already received the full benefit of *Anders* and *Penson* with respect to these claims. There is no indication that the Nebraska Supreme Court, in the first post-conviction proceeding, reviewed these claims any differently from, or less fully than, what its review would have been on direct appeal if *Anders* had been complied with in the first place. To require the Nebraska Supreme Court, then, to reinstate and re-decide the direct appeal with respect to these issues would be a pointless exercise. Evans would only get for a second time what he has already received—a decision by the state appellate court after full briefing by appointed counsel.

These are not the only issues, though, that Evans's federal habeas petition seeks to raise. That petition, as summarized by the magistrate, pleads seven claims:

1. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated when the trial court admitted the in-court and out-of-court identifications of the petitioner by the various witnesses, given the impermissibly and unnecessarily suggestive pretrial identification procedures.

2. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in failing to raise a proper due process challenge to the identification testimony elicited at the trials.

3. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in refusing to call petitioner's brother-in-law as an alibi witness in the trial concerning the robberies at Jack & Mary's Restaurant.

4. Petitioner's rights under the Fifth Amendment were violated when, during the trial of the Gorat's Steak

---

5. In fact, he seems to have had the same lawyer who now represents him in this Court. See

*State v. Evans,* 218 Neb. 849, 850, 359 N.W.2d 790, 792 (1984).

House robbery, the prosecutor committed misconduct of constitutional proportions by purportedly commenting on a failure to testify on the part of the petitioner.

5. Petitioner's right to a fair trial under the Sixth and Fourteenth Amendments were violated when the prosecutor—outside the presence of the judge, the petitioner, and his counsel—allegedly communicated with the jury inside the jury room, just prior to the returning of the verdicts in the trial of the Village Inn Pancake House and Gorat's Steak House robberies.

6. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated because the presentence report prepared by the probation office and used by the trial court in sentencing petitioner purportedly contained false, inaccurate, and misleading information.

7. Petitioner was denied the effective assistance of counsel on direct appeal, in violation of *Anders v. California,* 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967), when counsel, in failing to raise the claims which petitioner now seeks to raise, was permitted to withdraw after filing a non-advocatory brief.

*Joel R. Evans v. Gary Grammer,* No. CV87–L–279, slip op. at 1–2 (D.Neb. Dec. 24, 1987) (Report and Recommendation of Magistrate).

Claims 2 (ineffective assistance in failing to challenge identification testimony) and 4 (prosecutorial comment on failure to testify) were decided by the Supreme Court of Nebraska in the first post-conviction proceeding, as we have just noted. Claim 1, a direct presentation of the contention that identification testimony was unconstitutionally admitted, was also effectively decided by the Nebraska Supreme Court, because it held, in the course of rejecting petitioner's ineffective-assistance arguments, that other evidence introduced against Evans was so strong that admission of the disputed identifications did not prejudice him. 218 Neb. at 853, 359 N.W.2d at 794. So Evans's *Anders* claim (claim 7 in the Magistrate's list, and the only claim the District Court reached), is necessarily without merit insofar as underlying claims 1, 2, and 4 are concerned.

Claims 3, 5, and 6, however, are unaffected by this analysis. The state appellate court has not yet considered them after full briefing by appointed counsel. So, insofar as these claims are concerned, the District Court was correct in provisionally granting the writ of habeas corpus. We shall affirm its judgment, but modify it so as to provide as follows: the writ will be granted unless, within such reasonable time as the District Court may fix, the Supreme Court of Nebraska reinstates Evans's direct appeal and appoints counsel to brief for him (a) claims 3, 5, and 6 listed above; (b) any other claims counsel believes to be arguable—for example, questions of state law raised by the record, questions that would necessarily not be included in the list of 7 set out above, because that list includes only claims that would directly justify habeas relief; but not including (c) claims 1, 2, and 4, which the Nebraska Supreme Court has already fully considered and decided.

If Evans loses this reinstated appeal, he is free to prosecute the pending habeas petition, including each of claims 1 through 6 above, subject, of course, to any claim of procedural default that the State might urge. To this end, we direct the District Court, after it modifies its order granting the writ as indicated above, to hold this petition on its docket for further proceedings as and when appropriate.

The judgment is affirmed, as modified in this opinion, and the cause remanded to the District Court for further proceedings in accordance with this opinion.

It is so ordered.