26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Vincent James JOURDAIN, Appellant.
 No. 93-2616.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 13, 1994.
Filed: May 20, 1994.
 
 Before WOLLMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Vincent James Jourdain, a federal prisoner, appeals the sentence imposed by the district court after he pleaded guilty to misdemeanor assault, in violation of 18 U.S.C. Secs. 113(d) and 1153. In accordance with the plea agreement between Jourdain and the government, the district court sentenced Jourdain to six months imprisonment, the maximum term under the statute. The court also imposed one year of supervised release; this part of the sentence is at issue on appeal.
 
 
 2
 Appointed counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), having filed an advocate's brief in compliance with Evans v. Clarke, 868 F.2d 267, 268 (8th Cir. 1989). At the invitation of this court, Jourdain filed a pro se supplemental brief. He argues that the district court lacked authority to impose any term of supervised release because he pleaded guilty to a petty offense. While Jourdain did not raise this issue below, we find plain error and reverse that portion of his sentence imposing one year of supervised release. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989).
 
 
 3
 Title 18 U.S.C. Sec. 3583(b)(3) provides that the district court may impose a supervised release term of not more than one year "for a misdemeanor (other than a petty offense)." Title 18 U.S.C. Sec. 19 defines a petty offense as "a Class B misdemeanor ... for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual." Section 113(d), to which Jourdain pleaded guilty, carries a maximum punishment of six months imprisonment and a fine not to exceed $500. A section 113(d) violation is thus a Class B misdemeanor and a petty offense. See 18 U.S.C. Sec. 3559(a)(7) (Class B misdemeanor is punishable by imprisonment for "six months or less but more than thirty days"); 18 U.S.C. Sec. 3571(b)(6) ($5,000 maximum fine for Class B misdemeanor). We find, therefore, that the district court plainly erred when it imposed a supervised release term for a petty offense. Cf. United States v. Saunders, 957 F.2d 1488, 1494 (8th Cir. 1992) (district court may not exceed statutory maximum of Sec. 3583(b) when imposing supervised release), cert. denied, 113 S. Ct. 256 (1992) and 113 S. Ct. 991 (1993).
 
 
 4
 Accordingly, we grant counsel's motion to withdraw, and we affirm Jourdain's prison term and reverse his supervised release term.