# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1702

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joel John Virtue,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 14, 2016
Filed: January 13, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Joel Virtue appeals after he pleaded guilty to bank fraud and the district court[1] sentenced him to a prison term below the advisory guideline range. His counsel has

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), discussing the reasonableness of Virtue's sentence. We struck counsel's first brief and directed him to file a renewed *Anders* brief to comply with the direction of *Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989), and *Robinson v. Black*, 812 F.2d 1084, 1086 (8th Cir. 1987). Virtue also has filed a pro se brief, asserting ineffective-assistance of counsel claims, and arguing that he is innocent, that he should have received a downward departure based on substantial assistance, and that his sentence is unreasonably disproportionate to his co-conspirators' sentences. He has also filed a motion requesting that this court issue an order directing the government to return certain files.

We conclude that Virtue's sentence is not substantively unreasonable. The district court appropriately considered sentencing disparities in weighing the factors under 18 U.S.C. § 3553(a) and sentenced Virtue below the advisory range. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing ways in which district court may abuse its discretion in making sentencing decision); *see also United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further). We decline to consider Virtue's ineffective-assistance claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). Further, we conclude that Virtue's innocence argument is refuted by statements he made during his change-of-plea hearing, *see Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity), and that the government acted within its discretion in declining to move for a substantial-assistance departure, *see United States v. Wolf*, 270 F.3d 1188, 1190 (8th Cir. 2001) (government has no duty to move for substantial-assistance departure unless plea agreement creates such duty). Virtue's request for the return of certain files is not the proper subject of a direct

-2-

appeal.  *Cf.* Fed. R. Crim. P. 41(g) (discussing procedure for seeking return  of property).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal.  Accordingly, we deny Virtue's motion for the return of files, grant counsel's motion to withdraw, and affirm the judgment.

_____