# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2147

_____

United States of America

*Plaintiff - Appellee*

v.

Baldemar Arambul

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 21, 2019
Filed: April 1, 2019
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Baldemar Arambul directly appeals after a jury convicted him of drug and money laundering offenses, and the district court[1] sentenced him to a prison term

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

below the calculated Guidelines range. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the district court imposed an unreasonable sentence. Counsel also requests leave to withdraw.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (sentences are reviewed under deferential abuse-of-discretion standard; discussing substantive reasonableness); <u>see also</u> <u>United States v. Callaway</u>, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable); <u>United States v. Wohlman</u>, 651 F.3d 878, 887 (8th Cir. 2011) (court need not mechanically recite 18 U.S.C. § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence). Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal.

Accordingly, we grant counsel leave to withdraw,[2] and we affirm.

————————————————

----

[2]We remind counsel, however, that <u>Anders</u> briefing must be done as an advocate for the appellant, and the brief must refer to anything in the record that might arguably support the appeal. <u>See</u> <u>Penson</u>, 488 U.S. at 80 (<u>Anders</u> brief must refer to anything in record that might arguably support appeal); <u>Evans v. Clarke</u>, 868 F.2d 267, 268 (8th Cir. 1989) (<u>Anders</u> briefing must be done as advocate).