# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2645

_____

United States of America

*Plaintiff - Appellee*

v.

Kristi Weaver

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 18, 2021
Filed: March 23, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kristi Weaver pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). As part of her plea agreement, she waived her right to appeal unless, as relevant here, her sentence exceeded the

statutory maximum. The district court[1] imposed a total sentence of 181 months in prison, which included 121 months on the drug count and 60 months on the firearm count. Neither sentence exceeded the statutory maximum. *See* 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(b)(1)(A). In an *Anders* brief, Weaver's counsel discusses the appeal waiver and the sentence, as well as requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the waiver is both enforceable and applicable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing this issue de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.[2]

——————————————————

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]We continue to remind counsel that "*Anders* briefing must be done as an *advocate*" on behalf of the defendant, not the government. *Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989) (internal quotation marks omitted); *see Robinson v. Black*, 812 F.2d 1084, 1086 (8th Cir. 1987).