# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2933
_____

United States of America,

*Plaintiff - Appellee*,

v.

Dana Paul Cline,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 7, 2022
Filed: March 3, 2022

_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dana Cline appeals a judgment entered by the district court[1] after he pleaded guilty to knowing receipt of child pornography. *See* 18 U.S.C. § 2252(a)(2). Cline entered his plea pursuant to a plea agreement with the government that includes an

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

appeal waiver. His court-appointed counsel has moved to withdraw on the ground that the appeal presents no non-frivolous issue. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief identifies two issues on appeal. The first issue is whether the district court erred by denying Cline's motion to withdraw his guilty plea. Counsel explains that Cline moved to withdraw his plea on the ground that he was not given adequate time to read and understand the plea agreement, and that his plea was therefore not knowing and voluntary. The brief relates that Cline's motion to withdraw also alleged that he had been taking medications with side effects that interfered with his ability to make a knowing and intelligent plea.

At a hearing on the motion to withdraw, however, Cline's testimony was inconsistent with his statements under oath at the plea hearing. Counsel accurately reports that before Cline pleaded guilty, he testified that he was not under the influence of any drug, medication, or alcoholic beverage that may affect his ability to understand what was happening. At the plea hearing, Cline also stated that he understood what was happening; that he read the plea agreement and understood its terms before he signed it; that he was aware that the agreement included an appeal waiver; and that he waived his appeal rights by entering the plea.

Counsel recounts that the district court found credible Cline's testimony at the plea hearing that he was not under the influence of medications, and that he understood the proceedings and the plea agreement. Counsel acknowledges that nothing in the record of the plea hearing suggests that Cline did not understand the plea agreement or that he did not knowingly and voluntarily enter into the agreement. Counsel concludes that given the district court's finding about Cline's credibility, and this court's precedents in *United States v. Taylor*, 515 F.3d 845, 851 (8th Cir. 2008), and *United States v. Prior*, 107 F.3d 654, 657-58 (8th Cir. 1997), it would be

frivolous to argue on appeal that the district court erred in finding that the plea was knowing and voluntary and in denying the motion to withdraw the plea.

As a second issue, counsel raises whether this court could review Cline's sentence, given that the court imposed a prison term within the advisory guideline range, and that Cline signed a plea agreement that includes a waiver of his right to appeal the sentence. Counsel's brief sets forth the language of Cline's appeal waiver and the law regarding enforcement of such waivers established in *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc). Counsel recounts the colloquy at Cline's guilty plea hearing, where the court twice discussed the appeal waiver with Cline, both on the court's initiative and later at the request of the prosecutor. Counsel's brief recognizes that *Andis* provides for non-enforcement of an appeal waiver if it would constitute a "miscarriage of justice," such as where the court imposed a sentence in excess of the statutory maximum, the government violated a plea agreement, or the court selected a sentence based on an impermissible factor such as race or religion. Counsel concludes, however, that there is no non-frivolous basis on which to challenge the appeal waiver in this case, because Cline knowingly agreed to the waiver, the court sentenced Cline within the guideline range that he proposed in his sentencing memorandum, and there is no evidence that the court considered an impermissible factor.

Regarding the sentence imposed, counsel's brief explains that the court sustained Cline's only objection to the sentencing guideline range recommended by the probation office, adopted the range urged by Cline in his sentencing memorandum, and sentenced Cline to 156 months' imprisonment—a term near the low end of the advisory range of 151 to 188 months. Counsel acknowledges this court's decisions holding that a sentence within the guideline range is "presumptively reasonable," *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008), and stating that it will be "the unusual case" where we reverse a sentence as substantively unreasonable. *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en

banc). Given the record in this case, counsel concludes that it "would be a frivolous argument to contend that the sentence was calculated and imposed as the result of an incorrect application of the law."

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we conclude that there is no non-frivolous issue for appeal. On the first issue explored by counsel, the district court clearly did not abuse its discretion in denying Cline's motion to withdraw his guilty plea. At his guilty plea hearing, Cline testified under oath that he had enough time to discuss his case with counsel, and that he was fully satisfied with counsel's representation. Cline testified that he was not "under the influence of any drug, medication, or alcoholic beverage of any kind." R. Doc. 99, at 4. Cline said that he had read the plea agreement, discussed it with counsel, and understood all the terms of the agreement. Cline affirmed his understanding that he was waiving several enumerated rights by pleading guilty. He twice acknowledged specifically that he was waiving his right to appeal. *Id*. at 5-6, 17.

At a hearing on the motion to withdraw, the district court considered Cline's statements in support of the motion, but also examined Cline's testimony under oath at the guilty plea hearing. The court observed that the judge taking the plea made "a very strong record" that ran in "many respects counter to the defendant's motion." R. Doc. 129, at 5. Cline's testimony at the plea hearing on several key points was "exactly opposite" of what he said in support of his motion to withdraw the plea. *Id*. at 13. Cline told the court that he was "just on auto pilot" when he testified at the plea hearing that he understood the proceedings. *Id*. at 12. But the district court found Cline's "auto pilot claim to be not credible," after observing his appearance in court, his level of education, and his ability to speak articulately. *Id*. at 17, 21. The court ultimately found that the record did not support Cline's claim that his plea was not entered willingly and knowingly, and with effective assistance of counsel. The court thus denied the motion to withdraw the plea.

The district court's credibility finding is virtually unreviewable on appeal. *United States v. Holly*, 983 F.3d 361, 363-64 (8th Cir. 2020). Given the thorough record made at the plea hearing that Cline's plea was knowing and voluntary, and the district court's finding that Cline's contrary assertions at a later date were not credible, there is no arguable basis for reversal. The court plainly did not abuse its discretion in denying Cline's motion to withdraw the plea. *See United States v. Cruz*, 643 F.3d 639, 641-42 (8th Cir. 2011).

On the second issue raised by counsel, because Cline's plea was valid, any argument regarding his sentence is barred by the appeal waiver in his plea agreement. *See United States v. Scott*, 627 F.3d 702, 704-05 (8th Cir. 2010). There is no arguable basis for avoiding the appeal waiver. The provision states broadly that Cline waives his right to appeal his sentence on any ground except claims of (1) ineffective assistance of counsel, (2) prosecutorial misconduct, or (3) an illegal sentence. Cline knowingly agreed to the waiver. He testified that he discussed the plea agreement with counsel and understood its provisions. The court twice discussed the appeal waiver with Cline at the guilty plea hearing, and Cline acknowledged that he understood it. The record reveals no non-frivolous argument of prosecutorial misconduct or illegal sentence. The court sentenced Cline within the statutory range of punishment, and within the very guideline range that Cline requested, so there is no colorable claim that enforcement of the waiver would be a miscarriage of justice. Cline has not sought to raise a claim of ineffective assistance of counsel, and we ordinarily do not consider such claims on direct appeal in any event. *United States v. McAdory*, 501 F.3d 868, 872 (8th Cir. 2007). On review of the record, we have located no non-frivolous issue for appeal that falls outside the scope of the appeal waiver.

For these reasons, we will affirm the judgment, and we will also grant counsel's motion to withdraw. Because writings in recent unpublished decisions of this court have raised the possibility that leave to withdraw should be denied where

counsel's brief declines to argue frivolous points and explains why an appeal is frivolous, we elaborate on our decision.

The Constitution, as construed in *Douglas v. California*, 372 U.S. 353 (1963), guarantees the right of an indigent accused in a criminal case to have the assistance of counsel on appeal. This right, however, does not include an entitlement to have a court-appointed attorney advocate frivolous positions on appeal. Where counsel concludes that an appeal is frivolous, and the court agrees after an independent review of the record, the court may allow counsel leave to withdraw from representing the accused. *Anders*, 386 U.S. at 741-42. *Anders* held, however, that a summary motion to withdraw, without a determination by counsel that the appeal is frivolous, is insufficient to safeguard the right to counsel. A procedure under which counsel was allowed to withdraw after submitting only a conclusory letter stating that "there is no merit to the appeal" did not meet constitutional standards. *Id*. at 742.

A final section of the *Anders* opinion described a process that the Court deemed sufficient to satisfy the Constitution. Under that procedure, counsel's request to withdraw should state his conclusion that the appeal is frivolous and should be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. at 744. The brief should be furnished to the accused, and the accused should be afforded an opportunity to raise any points that he chooses in a *pro se* filing. At that point, the court independently should examine the record and decide whether the appeal is frivolous. If the court concludes that the appeal is frivolous, then it may grant counsel leave to withdraw. If the court concludes that any legal points are "arguable on their merits," then it must deem the appeal non-frivolous, and afford the accused the assistance of counsel to argue the appeal. *Id*.

The procedure discussed in *Anders* is not "an independent constitutional command," but rather a "prophylactic framework" designed to vindicate the

constitutional right to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 273 (2000) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The *Anders* procedure is not "the *only* prophylactic framework that could adequately vindicate this right;" it is "merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." *Id*. at 273, 276.

In the wake of *Anders*, this court disapproved, as inconsistent with the right to counsel, an appellate brief that advised the court why there was "no arguable point or issue in the record to support the appeal"—a brief described by this court as "asserting the government's position." *Smith v. United States*, 384 F.2d 649, 649-50 (8th Cir. 1967) (per curiam). That conclusion, reached more than fifty years ago, is no longer good law. The Supreme Court has explained: "If an attorney can advise the court of his or her conclusion that an appeal is frivolous without impairment of the client's fundamental rights, it must follow that no constitutional deprivation occurs when the attorney explains the basis for that conclusion. A supported conclusion that the appeal is frivolous does not implicate Sixth or Fourteenth Amendment concerns to any greater extent than does a bald conclusion." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 443 (1988). The Court in *McCoy* thus approved, as consistent with *Anders*, a Wisconsin procedure that *required* an attorney who sought to withdraw to include in his or her brief a statement of "anything in the record that might arguably support the appeal *and a discussion of why the issue lacks merit*." *Id*. at 431 n.1 (emphasis added). The prior panel rule, of course, does not require this panel to follow a prior decision in *Smith* that is inconsistent with an intervening decision of the Supreme Court in *McCoy*. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018).

The dissent in *McCoy* maintained that a brief explaining why an appeal lacked merit made counsel an "advocate against his client," and deprived the accused of an "active advocate" for his cause. *Id*. at 445-46 (Brennan, J., dissenting). But as the Court explained, an "*Anders* brief is not a substitute for an advocate's brief on the

merits." *Id*. at 444 (opinion of the Court). The brief, rather, is designed to assist the court (1) to ensure that the attorney has provided the client with a proper search of the record for any arguable claim that might support an appeal, and (2) to determine whether counsel has correctly concluded that the appeal is frivolous. *Id*. at 442.

An attorney who has concluded that an appeal is frivolous need not cite material in the record that "arguably" supports the appeal if there is no such material. While *Anders* suggested that counsel's brief should refer to "anything in the record that might arguably support the appeal," the decision also defined an appeal that presents an "arguable" legal point as *non*-frivolous. *Anders*, 386 U.S. at 744. The twin references to "arguable" matters have been criticized by some as "incoherent and thus impossible to follow." *Robbins*, 528 U.S. at 282 & n.12 (citing *Anders*, 386 U.S. at 746 (Stewart, J., dissenting), and C. Wolfram, *Modern Legal Ethics* 817 (1986)). In view of later decisions elaborating on *Anders*, constitutional requirements can be satisfied if counsel informs the court about potential avenues for appeal that were considered by counsel but ultimately deemed frivolous. *See McCoy*, 486 U.S. at 430-31 & n.1. Counsel is not required to advocate frivolous positions, and he is not forbidden to explain why potential arguments that he has explored are frivolous.

Two other decisions of this court that discuss *Anders* bear mention here, as they have been cited in unpublished writings as authority for denying motions to withdraw. *Evans v. Clarke*, 868 F.2d 267 (8th Cir. 1989), and *Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987), both determined that a state prisoner had been denied effective assistance of counsel on direct appeal after a state court granted the prisoner's appointed counsel leave to withdraw. In each case, however, this court concluded that the appeal in state court presented non-frivolous issues, and that the prisoner thus should have received the assistance of counsel during full adversarial briefing on direct appeal in state court. *Evans*, 868 F.2d at 269; *Robinson*, 812 F.2d at 1087-88 & n.8. Neither case involved an appeal in which the appellate court

granted counsel leave to withdraw after the court correctly determined that the appeal was frivolous.

In the course of those opinions, *Evans* and *Robinson* criticized counsel for filing a brief in which the lawyer concluded that the client's claims were meritless. *Robinson* cited the 1967 *Smith* decision and characterized counsel as "joining the forces of the state and working against his client." 812 F.2d at 1086-87. *Evans*, citing *Robinson*, concluded that counsel's performance "fell short of *Anders* as this Court has understood and applied it," because counsel presented no arguments for reversal, and stated only arguments in favor of affirming the convictions. 868 F.2d at 268. Insofar as the discussion in these cases was premised on the notion that counsel's brief must advocate for reversal when there is no arguable basis to do so, or that counsel may not explain why he has concluded that the appeal is frivolous, the discussion is no longer good law in light of *McCoy* and *Robbins*. *Robbins* recognized that the Wisconsin procedure approved in *McCoy* provided for "one-sided briefing by counsel against his own client's best claims." 528 U.S. at 272. Yet *McCoy* held that the procedure was consistent with *Anders*, and *Robbins* reiterated that the *McCoy* procedure and its one-sided briefing "affords adequate and effective appellate review for criminal indigents." *Id*. at 284.[2]

---

[2]Contrary to the opinion concurring in the judgment, *post*, at 11 n.4, this opinion is not "overruling" *Evans*. As explained, *Evans* (like *Robinson*) held that where a direct appeal in state court presented arguable, *non-frivolous* issues, it was constitutional error for the state court to allow the appellant's counsel leave to withdraw without filing an adversarial brief in support of the appeal. The holding of *Evans* is not at issue here and is undisturbed. Nor does the timing of the *Evans* decision preclude this panel from applying *McCoy*, rather than non-binding *Evans* dicta, on the question of constitutionally adequate briefing in a *frivolous* appeal. *Evans* did not address the intervening Supreme Court decision filed eight months earlier, so it is not controlling on the import of *McCoy* in any event. *See Webster v. Fall*, 266 U.S. 507, 511 (1925); *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016); *United States v. Tann*, 577 F.3d 533, 541-42 (3d Cir. 2009); *Atl. Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 838 n.2 (Fed. Cir. 1992).

The procedure employed in this case satisfies the constitutional requirements for an indigent criminal appeal. Counsel has identified issues that were raised in the district court and issues that were considered for possible appeal. He has explained why, in his judgment, an appeal would be frivolous in light of the record made in the district court, the applicable law, and the appeal waiver to which his client agreed. After counsel moved to withdraw, the clerk of this court notified appellant Cline and offered him an opportunity to file a *pro se* brief raising any issues that he wished the court to consider. Cline did not file a brief. This court has conducted an independent review of the record and concluded that the appeal is frivolous.[3]

In sum, the purposes of the *Anders* brief have been served, and the constitutional requirements have been satisfied. We will not require counsel to file a new brief that advocates frivolous positions or that omits discussion of why he concluded that the appeal is frivolous.

The judgment of the district court is affirmed. Counsel's motion to withdraw is granted.

STRAS, Circuit Judge, concurring in the judgment.

We agree on both the basics and the conclusion here. Counsel cleared the bar for an *Anders* brief, but just barely. Under Supreme Court precedent, counsel can make a "brief statement" about why "the appeal lacks merit." *See McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 440 (1988) (discussing a Wisconsin rule laying out the requirements for Anders briefs). So far, so good.

---

[3]More than a month after the deadline to submit a *pro se* brief, Cline filed a letter stating that the court should disregard any brief filed by counsel as "incomplete," but he did not identify any issue for the court's consideration.

Conspicuously absent from the court's discussion, however, is what an *Anders* brief must *also* do. It is an important point, because as the court tells it, it might seem like counsel can simply provide a short and plain statement of why the appeal is frivolous and move on. But that is not enough. *See* Smith v. Robbins, 528 U.S. 259, 281 (2000) (explaining that Anders briefs must include more than just "a one-paragraph 'bare conclusion'").

As the Supreme Court has put it, attorneys cannot "mere[ly]" conclude that an appeal is frivolous. *McCoy*, 486 U.S. at 442. They must also "submit for the court's consideration references to anything in the record that might arguably support the appeal." *Id*.; *see also Anders v. California*, 386 U.S. 738, 744 (1967) (stating that the request to withdraw, even if the appeal is "wholly frivolous . . . *must* . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal" (emphasis added)). Why? Because they "*must* resolve all doubts and ambiguous legal questions in favor of [their] client," which if done properly, may result in the "discover[y] [of] previously unrecognized aspects of the law." *McCoy*, 486 U.S. at 442, 444 (emphasis added).

What is the basic lesson here? Attorneys must show their work and cannot act "as an *advocate*" for the other side. *Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989) (emphasis in original)[4]; *see Robbins*, 528 U.S. at 272 (suggesting that "one-

---

[4]The court purports to overrule part of *Evans*, but there is nothing in it that is remotely inconsistent with *Anders*, *Penson*, *McCoy,* or *Robbins*. Indeed, *Evans* was decided *after* three of those four decisions, and *Robbins*, for its part, discusses why California could adopt a *different* procedure from *Anders*. *Robbins*, 528 U.S. at 276–84 (discussing California's *Wende* procedure). In concluding otherwise, the court's opinion today is the poster child for a drive-by overruling. Even aside from the fact that most of these cases *precede Evans* and can hardly draw it into question, no one has briefed what *Anders* requires, much less *mentioned*—yes, not even a single cite—any of the cases that the court purports to overrule. *See United States v. Anderson*, 771 F.3d 1064, 1066 (8th Cir. 2014) (stressing that it is a "cardinal rule in our circuit that one panel is bound by the decision of a prior panel" (quotation marks omitted)).

sided briefing" does not satisfy *Anders*); Mo. Sup. Ct. R. 4-1.7 cmt. 6 (emphasizing that an attorney's duty of loyalty precludes acting in ways that are "directly adverse to" the client); Mo. Sup. Ct. R. 4, pmbl., para. [9] (explaining that a lawyer has an "obligation [to] zealously . . . protect and pursue [his or her] client's legitimate interests").  To be sure, attorneys can sift through the record, note potential arguments, and ultimately conclude they are frivolous.  But they cannot use the brief to argue for the government.[5]  *See* Evans, 868 F.2d at 268 (explaining why *Anders* does not allow the brief to contain "*only* arguments in favor of affirming the convictions" (emphasis added)).  After all, Cline is entitled to an attorney who "act[s] in the role of an *active* advocate [o]n [his] behalf" and "support[s] *his* . . . appeal to the *best of his ability*."  *Anders*, 386 U.S. at 744 (emphases added); *Penson v. Ohio*, 488 U.S. 75, 82 (1988) (explaining that *Anders* requires courts to "determin[e] whether the appeal is . . . frivolous" and "determin[e] whether appointed counsel ha[s] fully performed their duty *to support* their clients' appeal" (emphasis added)).

Cline's counsel gets there, but just barely.  In describing Cline's argument, the brief says that "[t]he primary basis of Mr. Cline's request to withdraw his guilty plea was that he did not have adequate time to read the Plea Agreement and that the medications he was taking caused him to be confused and unable to understand the Plea Agreement."  The remainder of the brief then goes on to explain why the

_____

[5]The court cannot possibly mean what it says about *Robbins*.  *Ante*, at 9.  The phrase "one-sided briefing" appears only twice, and each time it is with a healthy dose of *dis*approval.  First, the Supreme Court said that "one-sided briefing by counsel against his own client's best claims, probably ma[kes] a court more likely to rule against the indigent *than if* the court had simply received an *Anders* brief."  *Robbins*, 528 U.S. at 272–73 (emphasis added).  By using "than if," the Court is drawing a contrast and saying that *Anders* briefs are *not* one-sided.  *See Webster's Third New International Dictionary* 2367 (2002) (explaining that "than" "indicate[s] difference").  And when the Supreme Court addressed the issue the second time, it said that "one-sided briefing . . . may subtly undermine the independence and thoroughness of the second review of an indigent's case."  *Id.* at 284.  Unless the court is saying that a lack of "independence and thoroughness" is a good thing, this passage hardly signals approval either.

-12-

relevant cases and the record would not support plea withdrawal. The brief's discussion of the appeal waiver follows the same basic structure. Although it is by no means a model *Anders* brief, it is just good enough. *See Robbins*, 528 U.S. at 281 (observing that "[c]ounsel's summary of the case's procedural and factual history, with citations of the record," did the job).

Threading the needle between acting with the necessary candor toward the court and remaining an advocate for one's own client is not that difficult. Most attorneys get it. Out of the hundreds of *Anders* briefs I have considered over the past 11 years, all but two have found the right balance. *See United States v. Exinia,* 825 F. App'x 404, 405 (8th Cir. 2020) (per curiam); *United States v. Bell*, 771 F. App'x 702, 703 (8th Cir. 2019) (Stras, J., dissenting). When they do, it shows that "counsel has been diligent in examining the record for meritorious issues and that the appeal is," as counsel represents, "frivolous." *McCoy*, 486 U.S. at 444.

I do not think the court is departing from any of these settled principles, nor could it. We can reasonably disagree about how far the Sixth Amendment right to counsel really extends, *see Garza v. Idaho*, 139 S. Ct. 738, 756 (2019) (Thomas, J., dissenting) (discussing why the constitutional right to "*effective* counsel" may be a departure from the original meaning of the Sixth Amendment (emphasis in original)), but there cannot be any doubt that we (and counsel) have to faithfully apply Supreme Court precedent. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its own decisions.").

_____