# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3120
_____

United States of America

*Plaintiff - Appellee*

v.

Ramien Collins, also known as Rambo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 4, 2023
Filed: May 15, 2023
[Published]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Ramien Collins received a 262-month prison sentence after a jury found him guilty of selling methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). We appointed counsel, who has attempted to file an *Anders* brief and asked to withdraw. *See Anders v. California*, 386 U.S. 738, 744–45 (1967) (explaining the duties of appointed counsel when there are no colorable claims).

We have determined that we cannot decide the appeal until counsel files a brief that satisfies *Anders*'s requirements. *See id.* The Supreme Court has been clear that an "attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 444 (1988).

Yet this brief appears to make inferences *against* Collins. For example, it argues that "he waived his right to make a sufficiency of the evidence argument on appeal" by failing to make a motion when prompted. It turns out, however, that trial counsel agreed that he did not "want to waive any appeal" when questioned by the district court. It similarly concedes that Collins's prior drug conviction was admissible under Rule 404(b), even though the government failed to say why the conviction was relevant to "knowledge" or "intent" in *this* case. Fed. R. Evid. 404(b)(2); *see United States v. Turner*, 781 F.3d 374, 390 (8th Cir. 2015) (requiring the government to explain how the conviction speaks to something other than propensity). *But see United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) (interpreting *Turner* narrowly).

We take no position on whether these arguments have merit. *See United States v. Cline*, 27 F.4th 613, 619 (8th Cir. 2022) (explaining that "[c]ounsel is not required to advocate frivolous positions"). Indeed, it is hard to even know unless counsel frames the issues in their best light. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000) (recognizing that advocating against a client may "subtly undermine the independence and thoroughness" of our review). In doing so, counsel might "discover previously unrecognized aspects of the law," which can benefit both the client and the court tasked with evaluating any issues raised. *McCoy*, 486 U.S. at 442.

Counsel can also explain why a potential issue lacks merit. *See Cline*, 27 F.4th at 620. But nothing in *Cline* relaxed the duty to "resolve all doubts" in favor of one's client first. *McCoy*, 486 U.S. at 444. Then, and only then, can appointed counsel explain why the appeal is frivolous.

-2-

The motion to withdraw is held in abeyance pending the filing of a compliant brief.

_____