# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2363

———————————————

United States of America

*Plaintiff - Appellee*

v.

Richard Leroy Clark

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: December 26, 2023
Filed: July 12, 2024
[Unpublished]

————————

Before BENTON, KELLY, and STRAS, Circuit Judges.

————————

PER CURIAM.

Richard Leroy Clark appeals after he pled guilty to a firearm offense. The district court[1] varied upward from the applicable Guidelines range, imposing a 70-

---

[1]The Honorable Ronnie L. White, United States District Court Judge for the Eastern District of Missouri.

month prison sentence consistent with the parties' joint recommendation. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is procedurally and substantively unreasonable. At this court's direction, counsel filed a supplemental brief.[2]

The district court committed no plain procedural error in imposing Clark's sentence. *See United States v. Runs Against*, 66 F.4th 722, 725 (8th Cir. 2023) (standard of review). The record shows that the court considered the 18 U.S.C. § 3553(a) factors and adequately explained its reasoning for imposing the sentence. *See United States v. Pierson*, 73 F.4th 582, 591 (8th Cir. 2023) (procedural errors include improper application of Guidelines, failing to consider § 3553(a) factors, treating Guidelines as mandatory, sentencing based on clearly erroneous facts, or failing to adequately explain sentence). The sentence is not substantively unreasonable: there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461–62, 464 (8th Cir. 2009) (en banc) (standard of review). Clark received the sentence he bargained for in the plea agreement. *See United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995).

---

[2] An *Anders* brief must "provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability[.]" *Penson v. Ohio*, 488 U.S. 75, 82 (1998) (quoting *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 468 U.S. 429, 439 (1988)). When preparing an *Anders* brief, attorneys are required "to submit for the court's consideration references to anything in the record that might arguably support the appeal." *McCoy*, 486 U.S. at 442. *Accord United States v. Cline*, 27 F.4th 613, 618–19 (8th Cir. 2022). While a close call, the supplemental briefing filed by Clark's counsel satisfies this requirement.

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

KELLY, Circuit Judge, dissenting.

At sentencing, Clark moved to withdraw his guilty plea, but it is unclear whether the district court ruled on Clark's motion. Clark's counsel addresses this issue on appeal, but in doing so, fails to resolve all doubts in favor of his client. Instead, counsel asserts that the parties argued the motion during "an off-record discussion," and that the district court denied the motion because it "implicitly" credited Clark's plea hearing testimony as "credible." But despite a minute entry noting the motion was denied, the district court at sentencing—and *on* the record—did not address the motion at all. Nor did it indicate that it considered Clark's testimony at a previous hearing or any other factors relevant to his motion to withdraw.

I take no position on whether an argument about the district court's treatment of the motion to withdraw the plea has merit. See United States v. Collins, 67 F.4th 919, 921 (8th Cir. 2023) (per curiam) (citing United States v. Cline, 27 F.4th 613, 619 (8th Cir. 2022)). But "an 'attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client.'" Id. at 920 (quoting McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 444 (1988)). Because that has not happened here, I would hold the motion to withdraw as counsel in abeyance pending the filing of a brief that complies with these requirements. See Collins, 67 F.4th at 921; Anders v. California, 386 U.S. 738, 744–45 (1967). If Clark, after consultation with counsel, has no interest in pursuing this, or any other issue on appeal, he may voluntarily dismiss his appeal. See 8th Cir. R. 42A. Because he has done neither, I respectfully dissent.

_____