# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3120
_____

United States of America

*Plaintiff - Appellee*

v.

Ramien Collins, also known as Rambo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: March 15, 2024
Filed: July 16, 2024
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Ramien Collins appeals the judgment entered by the district court[1] after a jury found him guilty of selling methamphetamine. His counsel requested leave to

_____

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), discussing whether the evidence was sufficient to support his conviction and whether evidence of his prior conviction was properly admitted. We previously granted counsel's motion to withdraw and granted Collins permission to file a pro se supplemental brief. Collins instead filed a motion for appointment of new counsel. We denied the motion and granted Collins another opportunity to file a pro se supplemental brief. Collins has filed a brief arguing that the district court erred in admitting a forensic chemist's lab report on the drugs Collins sold during controlled purchases and that his right to assistance of counsel was violated because we denied his request for appointment of a new attorney on appeal.

Upon careful review, we conclude that there was sufficient evidence to support Collins's conviction. <u>See</u> <u>United States v. Johnson</u>, 688 F.3d 494, 502 (8th Cir. 2012) (evidence supporting conviction is sufficient if any rational trier of fact could have found essential elements of crime beyond reasonable doubt). We also conclude that Collins's prior conviction was admissible, as it was relevant to prove his knowledge and intent. <u>See</u> <u>United States v. Ellis</u>, 817 F.3d 570, 579 (8th Cir. 2016) (evidence of prior conviction is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident). Further, Collins's challenge to the admission of the lab report fails because he stipulated to its admission at trial. <u>See</u> <u>United States v. Robinson</u>, 617 F.3d 984, 989 (8th Cir. 2010); <u>United States v. Smith</u>, 632 F.3d 1043, 1047 (8th Cir. 2011).

As to Collins's argument that we should appoint another attorney on appeal, we have independently reviewed the record under <u>Penson v. Ohio</u>. <u>See</u> 488 U.S. 75 (1988). We have found no non-frivolous issues for appeal and, despite the shortcomings in counsel's briefs, no need for further briefing by another attorney. <u>See</u> <u>United States v. Coleman</u>, 575 F.3d 316, 321 (3d Cir. 2009) (even if <u>Anders</u> brief is insufficient, when appeal is patently frivolous court is not required to appoint new counsel); <u>cf.</u> <u>United States v. Cline</u>, 27 F.4th 613, 619 (8th Cir. 2022) ("In view of

later decisions elaborating on <u>Anders</u>, constitutional requirements can be satisfied if counsel informs the court about potential avenues for appeal that were considered by counsel but ultimately deemed frivolous." (citing <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 430-31 & n.1 (1988))). Accordingly, we affirm the judgment.

————————————————